UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT PAUL BOURGEOIS                                CIVIL ACTION

VERSUS                                               NUMBER: 21-1359

LAFOURCHE PARISH                                     SECTION: "M"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Robert Paul Bourgeois, against Defendant, the Parish of Lafourche. (Rec. doc. 1, p. 1).[1/]

Plaintiff is an inmate of the Lafourche Parish Criminal Complex in Thibodaux, Louisiana, who was arrested on March 8, 2021 and was convicted on July 8, 2021. (Rec. doc. 1, pp. 2, 3). As his statement of claim herein, Plaintiff alleges as follows:

> I WAS ARRESTED ON MARCH 8, 2021 FOR PRINCIPLE (sic) TO DISTRIBUTE FENTENYL (sic). MY BOND FROM THE TIME OF MARCH 8TH, 2021 TO JULY 8, 2021 AS $200,000. MY NAME WAS PUT IN THE PAPER FOR THESE CHARGES. THE CHARGES OF PRINCIPLE (sic) TO DISTRIBUTE WERE DROPPED ON JULY 8TH, 2021. I TOOK CHARGES OF THEFT AND THE DISTRICT ATTORNEY FOR THE 17TH JUDICIAL DISTRICT. THEY ARRESTED ME AND HELD ME ON THESE CHARGES WHEN THE EVIDENCE WAS NOT SUFFICIENT. MY CHARGES WERE PUT ON THE FRONT PAGE OF THE LAFOURCHE PARISH NEWSPAPER FOR THE CHARGES OF DISTRIBUTION OF FENTYNOL (sic) AND HEROIN. THEY DROPPED THESE CHARGES AND NEVER TOLD ME ABOUT MY BOND BEING DROPPED. MY MISDEMENORS WERE BEING RAISED ON AN ENHANCED THEFT AFTER THEY WERE DROPPED IN THE BEGINNING OF THIS ORDEAL. THEY HAD ME WITH DOUBLE JEOPARDY AND CONTINUE TO HOUSE ME AFTER THEY DROPPED THE CHARGES AND BROUGHT THEM BACK.

(*Id.* at pp. 4-5).

---

[1/] While Plaintiff identifies only Lafourche Parish as the sole Defendant in the caption of his complaint, on page four thereof wherein he was asked to provide additional information for each named Defendant he indicates that Lafourche Parish is employed as the prosecutor for the Seventeenth Judicial District and can be served in Thibodaux, Louisiana. (Rec. doc. 1, pp. 1, 4). To the extent that Plaintiff's complaint can be read as naming the prosecutor for Lafourche Parish, namely, the District Attorney, as the sole or an additional Defendant, this Report and Recommendation will address any claim against such official as well.

In his prayer for relief, Plaintiff seeks $250,000.00 in compensatory damages for the slandering of his name and false arrest. (*Id.* at p. 6).

As noted earlier, Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 4). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis of law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

As a local governing body, an entity like Lafourche Parish is considered to be a "person" within the meaning of §1983 and is therefore subject to suit under that statute. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38 (1978). However, a governmental body like Lafourche Parish may be held liable under §1983 only where the execution of an unconstitutional policy or custom proximately caused a plaintiff's injuries. *Id.* As Plaintiff has identified no such policy or custom, any §1983 claim against Lafourche Parish should be dismissed as frivolous and for failing to state a claim under §1915(e)(2)(B)(i) and (ii). *Authment v. Parish of Terrebonne*, No. 09-CV-4618, 2010 WL 1930943 at *6 (E.D. La. Mar. 19, 2010), *adopted*, 2010 WL 1930938 (E.D. La. May 10, 2010). To the extent that Plaintiff's complaint can be read as naming the Lafourche Parish District Attorney as the sole or an additional Defendant in this matter (*see* note 1, *supra*), any §1983 claim against said Defendant in his official capacity fares no better as Plaintiff does not allege, much less identify, a policy or custom which allegedly caused the

deprivation of his constitutional rights. *Rinker v. New Orleans District Attorney*, No. 10-CV-0810, 2010 WL 2773236 at *4-5 (E.D. La. Jun. 15, 2010), *adopted*, 2010 WL 2773383 (E.D. La. Jul. 12, 2010) (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)). Furthermore, any §1983 claim against the District Attorney in his individual capacity would be barred by the absolute immunity that such prosecutors enjoy. *Beard v. Wolf*, No. 13-CV-4772, 2014 WL 3687236 at *2-3 (E.D. La. Jul. 22, 2014); *Rinker*, 2010 WL 2773236 at *4-5.

The foregoing bases for dismissal notwithstanding, claims of libel and slander are simply not cognizable under §1983. *Washington v. Garcia*, No. 15-CV-0737, 2015 WL 3457447 at *3  (S.D. Tex. May 29, 2015) (citing *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980)); *Franklin v. McBride*, No. 11-CV-0770, 2012 WL 1470136 at *1 (S.D. Miss. Apr. 27, 2012). As for Plaintiff's claim of being falsely arrested, that act obviously could only have been undertaken by an individual(s) as opposed to a governmental body like Lafourche Parish itself, and the Court can say with great confidence that Plaintiff's arrest was not effected by the Lafourche Parish District Attorney but, rather, by members of the Lafourche Parish Sheriff's Office,[2/] none of whom are named as Defendants herein. Finally, absent a physical injury, the recovery of compensatory damages for a prisoner like Plaintiff is barred by 42 U.S.C. §1997e(e) of the Prison Litigation Reform Act ("PLRA"). *Washington*, 2015 WL 3457447 at *3-4.

---

[2/] *See* www.lafourchegazette.com/news/multi-month-investigation-leads-lpso-to-30-drug-arrests-down-the-bayou/article (Operation: Bad BOI); www.houmatoday.com/story/news/2021/03/09/south-lafourche-drug-investigation-leads-three-arrests/6927511002/.

3

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).3/

New Orleans, Louisiana, this  23rd day of  August , 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

3/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.